# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 2:08-CR-81 JVB |
| | ) | |
| MARK ONTIVEROS | ) | |

## OPINION AND ORDER

This matter is before the Court on the Government's second amended motion for restitution for a child pornography victim depicted in one image found in Defendant's possession (DE 127). The Court heard oral argument on the Government's original motion on February 22, 2011. The Government filed an amended motion on March 22, 2011, and a second amended motion on March 31, 2011. The Court granted Defendant two extensions of time to file a response brief, the latest deadline being June 9, 2011, but no brief has been filed to the date of this order.

**A.     Background**

Defendant Mark Ontiveros has pleaded guilty to one count of receiving child pornography under 28 U.S.C. § 2252(a)(2) and one count of possessing child pornography under § 2252(a)(4)(B). Defendant's collection included more than 1,300 images and eighteen videos, which were submitted to the National Center for Missing and Exploited Children. NCMEC was able to identify ten different known victims whose images were found in Defendant's possession, including the victim in the "Vicky" series. Defendant possessed one image from the "Vicky" series. The Government filed the victim impact statements of two of the victims,

including the victim in the "Vicky" series, whom the Court will refer to as Ms. X, as well as statements from her mother and stepfather. Counsel for Ms. X has asked the Government to pursue a claim for restitution in the amount of $983,766.85, consisting of $108,975 in future counseling expenses, $147,830 in educational and vocational counseling needs, $722,511 in future lost earnings, $37,874.86 in out-of-pocket litigation-related expenses and $203,140 in attorney fees, reduced by $236,564.01 in restitution payments made.

The Government requests that Defendant be ordered to pay the full amount of the victim's claim. Defendant has offered no evidence to call into question the figures Ms. X claims, but contends that because the Government cannot quantify the specific losses he caused as the possessor of one of the more than 18,000 known downloads of her image, restitution must be denied.

**B.  Applicable Law**

Title 18 U.S.C. § 2259 provides for mandatory restitution for victims of any offense under Chapter 110 of Title 18, which includes the possession and receipt of child pornography offenses to which Defendant has pleaded guilty:

> **(a) In general.**—Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> **(b) Scope and nature of order.—**
>
> > **(1) Directions.**—The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).

**(2) Enforcement.**—An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

**(3) Definition.**—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for—

> **(A)** medical services relating to physical, psychiatric, or psychological care;
>
> **(B)** physical and occupational therapy or rehabilitation;
>
> **(C)** necessary transportation, temporary housing, and child care expenses;
>
> **(D)** lost income;
>
> **(E)** attorneys' fees, as well as other costs incurred; and
>
> **(F)** any other losses suffered by the victim as a proximate result of the offense.

**(4) Order mandatory.**—**(A)** The issuance of a restitution order under this section is mandatory.

> **(B)** A court may not decline to issue an order under this section because of—
>
> > **(i)** the economic circumstances of the defendant; or
> >
> > **(ii)** the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

**(c) Definition.**— For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as

suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259.

Title 18 U.S.C. § 3664(e) provides that the Government must demonstrate the amount of the loss sustained by a victim as a result of an offense by a preponderance of the evidence. Under Section 3664(h), if the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants.

**C.     Ms. X is Defendant's Victim**

In order for Ms. X to be entitled to restitution under the statute, she must be a victim within the meaning of the statute. The Court finds that Ms. X is Defendant's victim, that is, an individual harmed as a result of Defendant's offense conduct. The Court finds support for this conclusion in *United States v. Sherman*, 268 F.3d 539 (7th Cir. 2001). In deciding who is the primary or direct victim of the crimes of possessing and receiving child pornography in order to determine how counts of conviction should be grouped under United States Sentencing Guideline § 3D1.2, the court held that the possession and receipt of child pornography "directly victimizes the children portrayed by violating their right to privacy, and in particular violating their individual interest in avoiding the disclosure of personal matters." *Id.* at 547 (citing *New York v. Ferber*, 458 U.S.747, 759 n. 10 (1982)). Moreover, Defendant has conceded that Ms. X. is his victim. *See* Def. Mem., DE 72, at 1.

**(D)     Proximate Causation**

Two courts of appeals have recently addressed the issue of whether the Government must show that a defendant's conduct proximately caused the victim's harm, reaching opposite conclusions.  In *In Re Amy Unknown*, 636 F.3d 190 (5th Cir. 2011), the district court had denied the victim's request for restitution, holding that the government had failed to meet its burden of proving the amount of her losses proximately caused by the defendant's conduct.  The court of appeals granted the victim's petition for mandamus, holding that the proximate causation language of § 2259(b)(3)(F) applies only to that section, which allows restitution for miscellaneous other losses.  *Id.* at 198.  Moreover, the court suggested that the defendant in the case before it could seek contribution from others who possess the victim's images, on a theory of joint and several liability.  It remanded the case to the district court to quantify the amount of restitution to which the victim is entitled and "the fraction due to [defendant's] crime", expressing no opinion on the amount due.  *Id.* at 201–202.

In *United States v. Monzel*, No. 11-3008, 2011 WL 1466365 (D.C. Cir. April 19, 2011), the defendant possessed one image of a victim. The district court awarded the victim what it called nominal restitution of $5,000—out of her total claim of $3,263,758—a sum it believed was less than the harm Monzel had caused her.  In response to the victim's claim that she should receive a restitution award in the full amount of her claim, the court of appeals held that the record did not establish that Monzel's possession of her image caused all of her losses.  The court rejected the holding of the Fifth Circuit Court of Appeals in *In Re Amy Unknown* and found that the requirement of proximate cause applies to all categories of losses for which restitution is available under § 2259(b)(3), stating "it is a bedrock rule of both tort and criminal law that a

5

defendant is only liable for harms he proximately caused." *Id.* at 6. Neither did the court accept the victim's argument that because the causes of her injuries are indivisible and cannot reasonably be divided among the unknown number of possessors and distributors of her images, she is entitled to the full amount from Monzel on the theory that he is jointly and severally liable with other possessors and distributors for the full amount of her losses. *Id.* at 7–8. Finally, the court vacated the restitution order of $5,000, stating that the district court must order restitution equal to the amount of harm the government proves the defendant caused the victim and noting the district court's admission that it had no doubt that $5,000 was less than the actual harm Monzel had caused the victim.

The Court finds the *Monzel* opinion persuasive, and agrees that it must award restitution only for the amount of Ms. X's losses that are the proximate result of Ontiveros's offense conduct. The Court also rejects the notion that it could make Ontiveros jointly and severally liable with individuals who are not defendants in this case for the total amount of the victim's losses. As the court in *Monzel* pointed out, leaving aside the question of whether there can be joint and several liability in a case where there is only one defendant, joint and several liability still requires proximate causation. To impose joint and several liability on Ontiveros for the entire amount of Ms. X's losses, the Court would have to find that his conduct alone was sufficient to cause the entire amount of her loss. *Id.* at 8. As discussed below, the record does not support such a finding.

### E. Determining the Amount of Restitution

The Court finds some guidance in the *Monzel* opinion in determining the dollar amount

of the victim's losses attributable to Ontiveros:

> We recognize, of course, that determining the dollar amount of a victim's losses attributable to the defendant will often be difficult. In a case such as this one, where the harm is ongoing and the number of offenders impossible to pinpoint, such a determination will inevitably involve some degree of approximation. But this is not fatal. Section 2259 does "not impose a requirement of causation approaching mathematical precision." *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007). Rather, the district court's charge is "to estimate, based upon facts in the record, the amount of the victim's loss with some reasonable certainty."

*Id.* at 9.

Ms. X's abuse and ongoing exploitation are described in the materials submitted by the Government with its second amended motion for victim restitution (DE 127). She was subjected to severe, repeated sexual abuse and exploitation by her father that included oral, vaginal and anal sex, scripted role-playing, bondage, and coercion to engage in online conversations of a sexual nature. Her father videotaped many of these acts and placed them on the internet. Her images continue to be downloaded and viewed by individuals such as Ontiveros. A significant part of the harm she has suffered is attributable to the knowledge that images of her victimization have been and will continue to be viewed on line. *See* DE 127-3, Forensic Psychological Exam, at 2.

Ms. X's victim impact statement explains how the conduct of viewers of her images affects her:

> I . . . am living every day with the horrible knowledge that someone somewhere is watching the most terrifying moments of my life and taking grotesque pleasure in them. I am a victim of the worst kind of exploitation: child porn. Unlike other forms of exploitation, this one is never ending. Every day people are trading and sharing videos of me as a little girl being raped in the most sadistic ways . . . They are being entertained by my shame

7

> and pain . . . [The knowledge that my images are being circulated on the internet] has given me a paranoia. I wonder if the people I know have seen these images. I wonder if the men I pass in the grocery store have seen them. Because the most intimate parts of me are being viewed by thousands of strangers and traded around, I feel out of control. They are trading my trauma around like treats at a party, but it is far from innocent. It feels like I am being raped by each and every one of them.

DE 127-5, Victim Statement.

Ms. X's claim for restitution does not separate the losses resulting from her initial abuse from those caused by possessors of her image like Ontiveros. The record does not support a finding that Ontiveros's conduct caused all her losses. In the Court's considered opinion, it is reasonable to attribute one-half of her losses to her initial abuser and the person who placed her images on the internet to begin with—her father— and one-half to the pool of child pornography consumers who have viewed her image. The consumers of child pornography such as Ontiveros contribute to the victimization by creating the market for the images. They provide the motivation for making such images available on the internet and perpetuate the abuse by their viewing.

The Court begins by reducing Ms. X's total claim in the amount of $1,220,324.85 by $37,874 in out-of-pocket litigation-related expenses and $203,140 in attorney fees, leaving $979,310.85.[1] The Court finds that this amount is established by the evidence and is reasonable. One-half of that figure is $489,655, representing the amount of Ms. X's losses to be spread

---

[1] An award of attorney fees and litigation expenses incurred by Ms. X's counsel in this case only will be made upon submission of supporting documentation. It is apparent from the Court's survey of cases awarding restitution to the victim in the Vicky series that the victim and her counsel were more involved in some cases than in others. For example, Ms. X and her expert witness testified in some of the cases.

among the possessors of her images such as Ontiveros. The Court determines that $4,500,[2] which is roughly one percent of the total, is a reasonable approximation of Ms. X's losses, (apart from attorney fees and litigation expenses) reasonably attributable to Ontiveros's offense conduct. [3]

**F.    Conclusion**

For the foregoing reasons the Court awards the victim in the Vicky pornography series restitution in the sum of $4,500 plus an amount for attorney fees and litigation expenses applicable to the instant case as may be show by supporting documentation.

SO ORDERED on June 15, 2011.

     s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge

---

[2] While the result may seem inconsistent with this Court's holding in *United States v. Worden*, No. 2:09-CR-58 (Oct. 26, 2010), DE 80, the two cases are different . In *Worden,* the Court awarded $533,244 in restitution because Worden agreed in his plea agreement to the entry of a restitution order for the full amount of any victims' losses.

[3] In reaching its decision, the Court has surveyed reported cases awarding restitution to this victim. Awards range from $100 to $12,700, with the most common figure being $3,000. *See, e.g., United States v. Church*, 701 F. Supp. 2d 814, (W.D. Va., 2010); *United States v. Morris*, No. 3:09-CR-101, 2011 WL 766533 (N.D. Tex. Feb. 18, 2011); *United States v. Bartlebaugh*, No 1:09-CR-251, 2010 WL 411324 (N.D. Ohio Jan. 28, 2010); *United States v. Brunner*, No. 5:08-CR-16, 2010 WL 148433, (W.D.N.C. Jan. 12, 2010); *United States v. Aguirre*, No. 1:08-CR-434, 2010 WL 1328819 (E.D. Cal. April 2, 2010); *United States v. Baxter*, 394 Fed. Appx. 377 (9th Cir. 2010); *United States v. Ferenci*, No. 1:08-CR-414, 2009 WL 2579102 (E.D. Cal., Aug 19, 2009); *United States v. Monk*, No. 1:08-CR-365, 2009 WL 2567831 (E.D. Cal. Aug. 18 2009); *United States v. Renga*, No. 1:08-CR-270, 2009 WL 2579103 (E.D. Cal. Aug. 19, 2009); *United States v. Reynolds*, No. 1:09-CR-476, 2011 WL 1897781 (E.D. Cal., May 18, 2011); *United States v. Scheidt*, No. 1:07-CR-293, 2010 WL 144837 (E.D. Cal, Jan 11, 2010); *United States v. Zane*, No. 1:08-CR-369, 2009 WL 2567832 (E.D. Cal., Aug. 18, 2009); *United States v. Hicks*, No.1:09-CR-150, 2009 WL 4110260 (E.D.Va., Nov 24, 2009); *United States v. Lindauer*, No. 3:10-CR-23, 2011 WL 1225992 (W.D. Va., Mar. 30, 2011); *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011).